996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas J. COTTMAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee Benson ROBBINS, Defendant-Appellant.
 Nos. 92-10290, 92-10291.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1993.
Decided June 29, 1993.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Thomas Cottman and Lee Robbins bring this consolidated appeal of their convictions in federal district court for conspiracy to possess marijuana with intent to distribute and for possession of marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1), 844(a) and 846. The appellants contend that the district court erred in ruling that their Fourth Amendment rights were not violated when, acting without a warrant, agents of the Drug Enforcement Agency (DEA) arrested them and searched their motel room and van.
 
 
 4
 We affirm.
 
 DISCUSSION
 I. THE WARRANTLESS ENTRY AND ARREST
 
 5
 The warrantless entry of the motel room and the arrests were valid under the Fourth Amendment because the agents had probable cause to arrest the appellants and were excused by exigent circumstances from the requirement of obtaining a warrant. United States v. George, 883 F.2d 1407, 1411 (9th Cir.1989). Before approaching the motel room in which the appellants were arrested, the agents knew that calls had been made from the motel room to a digital pager that had been seized along with a large quantity of marijuana earlier that evening in a DEA investigation in Carlsbad, California. The agents had also linked the appellants with a van parked in front of the motel and they were aware that a van was not an unlikely means of transporting marijuana. The agents violated no rights in knocking on the motel room door. The moment the door was opened and the air was filled with the odor of burnt or burning marijuana, the agents had probable cause to arrest the appellants. Michigan v. DeFillippo, 443 U.S. 31, 36-37 (1978) (citations omitted) (probable cause to arrest exists if "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person ... in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense"); see also United States v. Johns, 469 U.S. 478, 482 (1985) (in combination with other facts, odor of marijuana can be sufficient to establish probable cause).
 
 
 6
 Further, the agents were excused from the requirement of obtaining a warrant because, under the totality of facts and circumstances known to them, they reasonably believed that they could not have obtained a warrant in time to prevent destruction of evidence, harm to the officers or appellants, escape of the appellants or some other consequence that would frustrate their investigation. George, 883 F.2d at 1412 (citing United States v. Good, 780 F.2d 773, 775 (9th Cir.), cert. denied, 475 U.S. 1111 (1986)). The agents went to the motel room to question the appellants as soon as they had sufficient information to connect them with the pager seized in the Carlsbad investigation and with the van in the parking lot. Once the motel room door was opened and the agents were overcome with the smell of burnt or burning marijuana, the exigency arose: The defendants were made aware that they were the subjects of a narcotics investigation and the agents reasonably feared that delaying to secure a warrant, even by telephone, would give the appellants time to destroy contraband, to escape or to attack the agents.
 
 
 7
 The government has demonstrated that, prior to making the warrantless entry, the agents had probable cause to arrest the appellants and that the agents were excused from the warrant requirement by exigent circumstances. Accordingly, we affirm the district court's ruling the appellants' Fourth Amendment rights were not violated by the warrantless entry and arrest.
 
 
 8
 II. THE SEARCH OF THE MOTEL ROOM AND SEIZURE OF ITEMS THEREIN
 
 
 9
 The appellants assert that the district court erred in ruling that the appellants' Fourth Amendment rights were not violated when the agents searched the motel room and seized items belonging to the appellants. We disagree.
 
 
 10
 Because they had lawfully arrested the appellants, the agents were justified in conducting "a contemporaneous warrantless search of the arrestee[s'] person[s] and of the area into which the arrestee[s] might reach to retrieve a weapon or destroy evidence." United States v. Burnette, 698 F.2d 1038, 1049 (9th Cir.), cert. denied, 461 U.S. 936 (1983); see also Chimel v. California, 395 U.S. 752 (1969) (holding that officers may seize evidence discovered in search incident to valid arrest). The scope of the search was properly limited. The agents patted the appellants down, checked their wallets--which were lying in plain view--for identification and swept the room for evidence and weapons. All of the items seized were in plain view. Accordingly, we hold that the protective sweep of the motel room and seizure of items therein was a valid search incident to a lawful arrest.
 
 
 11
 III. The search of the van.
 
 
 12
 Appellants argue that the canine search of the outside of their van violated the Fourth Amendment because it was not supported by reasonable suspicion justifying seizure of the vehicle. We disagree.
 
 
 13
 The narcotics dog's sniff search did not entail seizure or detention of the vehicle and therefore did not implicate the appellants' Fourth Amendment rights. United States v. Beale, 736 F.2d 1289, 1291 (9th Cir.) (en banc), cert. denied, 469 U.S. 1072 (1984) (narcotics detection dog's sniffing around the exterior of an item that is left in a public area does not implicate the Fourth Amendment). The van was parked in a public area and the agents did not take any steps to immobilize, move or secure the van prior to exposing it to the narcotics dog. The agents did not, merely by leading the dog around the van, interfere with the appellants' possessory interest in the vehicle. Id. at 1292 (no seizure of property occurs when officers' interference with owner's possessory interest in property is de minimis).[1]
 
 
 14
 We also reject the appellants' contention that the search of the interior of the van violated their Fourth Amendment rights. The agents were justified in conducting a warrantless search of the van because they had probable cause to believe that the van contained contraband or other incriminating evidence. United States v. Ross, 456 U.S. 798, 808 (1982). The agents had made a connection between the van, the occupants of the motel room and the pager and marijuana seized in the Carlsbad investigation. The narcotics detection dog's alerts, combined with this evidence, provided the agents with probable cause. United States v. Mondello, 927 F.2d 1463, 1471 (9th Cir.1991).
 
 
 15
 The fact that the dog alerted the agents to the presence of narcotics three times while he was sniffing the exterior of the van does not undermine our conclusion that the agents had probable cause to conduct the search. All of the dog's alerts may have been the result of the dog's detecting marijuana that had come into contact with the van.[2]
 
 
 16
 Accordingly, we conclude that the agents' search of the van was supported by probable cause and did not violate the appellants' Fourth Amendment rights.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We do not accept the appellants' argument that because the agents had already arrested the appellants and taken possession of their keys, the agents had seized the van when the canine search occurred. The keys were in no way instrumental to the sniff search: The agents could have conducted the canine search regardless of whether they had seized the appellants' keys
 
 
 [2]
 The appellants argue that the dog was "improperly directed at the area inside the van in which the prosecutor's agent was interested." This argument does not bear on the question whether the agents had probable cause to search the van's interior as a result of the exterior canine search